ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA            :

          - v. -                    :

                                    :       **INDICTMENT**

VANIA MAY BELL,                     :
                                            19 Cr. **550**
          Defendant.                :

- - - - - - - - - - - - - - - - - - X

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury Charges:

### Relevant Persons and Entities

1.    Since in or about 1982, Hector May has been
President of Executive Compensation Planners, Inc. ("ECP"), a
registered investment adviser and financial planning firm
located in New City, New York.  Through ECP, May provided
financial advisory services to numerous clients.

2.    Since in or about 1994, May has also been a
registered representative of a broker dealer ("Broker Dealer-
1").  In its role as a broker dealer, Broker Dealer-1
facilitates the buying and selling of securities for clients of
Broker Dealer-1's registered representatives, including clients
of May.  To that end, Broker Dealer-1 and associated clearing
firms maintained securities accounts for ECP's clients and,
through those accounts, held ECP's clients' money, executed

their securities trades, produced account statements reflecting activity in the clients' accounts, and forwarded these account statements to ECP's clients.

3.    Since in or about 1993, VANIA MAY BELL, the defendant, has been an employee of ECP, whose positions have included "comptroller" and "compliance specialist."

### The Scheme To Defraud

4.    During the relevant time period, VANIA MAY BELL, the defendant, and May perpetrated a scheme to defraud ECP clients (the "Victims") by inducing them to turn over $11,400,000 to ECP, much of which came from their securities accounts with Broker Dealer-1, under the false pretense that May was going to use the money to purchase bonds or other investments on their behalf.  Upon receiving the Victims' money, VANIA MAY BELL, the defendant, and May did not invest it as represented, but rather used the money to pay for their own personal and business expenses and to make payments to certain Victims in order to perpetuate and conceal the fraud.

### Means and Methods of the Conspiracy

5.    Among the means and methods by which VANIA MAY BELL, the defendant, and May would and did carry out the conspiracy were the following:

a.    In order to obtain money from the Victims' securities accounts with Broker Dealer-1, May advised the

2

Victims, among other things, that they should use money from those accounts to have ECP, rather than Broker Dealer-1, purchase bonds on their behalf. He further represented that by purchasing bonds through ECP directly, the Victims could avoid transaction fees.

       b.   Because May lacked the authority to withdraw money directly from the Victims' accounts with Broker Dealer-1, he persuaded the Victims to withdraw the money themselves and to forward that money to an ECP "custodial" account (the "ECP Custodial Account"), so that he could use the money to purchase bonds on their behalf.

       c.   With the assistance of BELL, May guided the Victims first, to withdraw their money from their Broker Dealer-1 accounts, and second, to send that money to the ECP Custodial Account by wire transfer or check.  At times, May falsely represented that the funds being withdrawn from Victims' Broker Dealer-1 accounts were the proceeds of prior bond purchases May had made.

       d.   After the Victims sent their money to the ECP Custodial Account, May did not use it to purchase bonds. Instead, BELL and May spent the money on business expenses, personal expenses and to make payments to certain Victims in order to perpetuate the scheme and conceal the fraud.

e.   To perpetuate the scheme and conceal the fraud, BELL and May used money provided by some Victims to make payments to other Victims.  Specifically, in some cases, May used Victims' funds to make purported bond interest payments to other Victims. In other cases, May used Victims' funds to make payments to other Victims who wished to withdraw funds from their accounts.

f.   BELL and May also created phony "consolidated" account statements that they issued through ECP and sent to the Victims.  These "consolidated" account statements purported to reflect the Victims' total portfolio balances and included the names of bonds May falsely represented that he purchased for the Victims and the amount of interest the Victims were supposedly earning on the bonds.

g.   In order to create the phony consolidated account statements, May provided BELL with bond names and false interest earnings and BELL created ECP computerized account statements and had them distributed to the Victims.

h.   To keep track of the money that the co-conspirators were taking from the Victims, BELL processed the Victims' payments for the purported bonds, entered them in a computerized accounting program and, through that program, kept track of how BELL and May received and spent the Victims' stolen money.

4

i.    In this way, from in or about the late 1990's through on or about March 9, 2018, BELL and May induced Victims to forward them over $11,400,000.

## STATUTORY ALLEGATIONS

6.    From in or about the late 1990's through on or about March 9, 2018, in the Southern District of New York and elsewhere, VANIA MAY BELL, the defendant, and Hector May, unlawfully, willfully and knowingly, combined, conspired, confederated and agreed, together and with each other, to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

7.    It was a part and object of the conspiracy that VANIA MAY BELL, the defendant, and Hector May, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, VANIA MAY BELL participated in a scheme to induce ECP clients to provide over $11,400,000 to ECP under the false pretense that the money was to be used to purchase bonds

on their behalf, which scheme involved the use of interstate wires in furtherance of those acts.

(Title 18, United States Code, Section 1349).

### COUNT TWO
(Wire Fraud)

The Grand Jury further charges:

8.   The allegations contained in paragraphs 1 through 5 of this Indictment are repeated and realleged as though fully set forth herein.

9.   From in or about the late 1990's through on or about March 9, 2018, in the Southern District of New York and elsewhere, VANIA MAY BELL, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, VANIA MAY BELL participated in a scheme to induce ECP clients to provide over $11,400,000 to ECP under the false pretense that the money was to be used to purchase bonds

on their behalf, which scheme involved the use of interstate wires in furtherance of those acts.

(Title 18, United States Code, Section 1343 and 2).

## FORFEITURE ALLEGATION

10.  As a result of committing the offenses alleged in Counts One and Two of this Indictment, VANIA MAY BELL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including, but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### Substitute Asset Provision

11.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third person;
>
> c.  has been placed beyond the jurisdiction of the Court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section  853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

8

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### VANIA MAY BELL,

Defendant.

### INDICTMENT

19 Cr.

(18 U.S.C. §§ 1343, 1349, and 2.)

GEOFFREY S. BERMAN
United States Attorney

*Foreperson*