UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | **Protective Order** |
|---|---|
| v. | 19 Cr. 550 (NSR) |
| VANIA MAY BELL, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that is private/confidential, not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Confidential Material.** All disclosure material, including documents, electronic data, electronically stored information, and audio/visual materials, provided by the Government to the defense in this action, pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; Brady v. Maryland; or United States v. Giglio, with the exception of materials that are otherwise publicly available, is considered "Confidential Material."

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the Confidential Material without further litigation or the



need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly, it is hereby Ordered:**

5. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

6. Confidential Material disclosed to the defendant or to her counsel in this case during the course of proceedings in this action:

(a) Shall be used by the defendant and her counsel only for purposes of defending this criminal action;

(b) Shall not be disclosed in any form by the defendant or her counsel except as set forth in paragraph 6(c) below; and

(c) May be disclosed by the defendant or her counsel in this action only to the following persons (hereinafter "Designated Persons"):

    i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorneys;

ii. independent expert witnesses, investigators or expert advisors retained — pursuant to a written retainer agreement — in connection with this action;

iii. prospective witnesses to the extent deemed necessary by defense counsel for trial preparation, except that Confidential Material may only be shown to, and not retained by, prospective witnesses; and

iv. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

7. The defendant and her counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Material pursuant to paragraphs 6(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

8. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Confidential Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Return or Destruction of Confidential Material

10. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-

captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

### Retention of Jurisdiction

11. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: *[signature]*      Date: 11/4/19
Margery B. Feinzig/Vladislav Vainberg
Assistant United States Attorneys

*[signature]*      Date: 11/4/19
Susanne Brody, Esq./Jason Ser, Esq.
Counsel for Raymond E. Robinson

SO ORDERED:

Dated: White Plains, New York
      November 11, 2019

_____
THE HONORABLE NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE