UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/27/2026__

UNITED STATES OF AMERICA

               Plaintiff,

       -against-

VANIA MAY BELL

               Defendant.

19-cr-550-1 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Before the Court are Defendant Vania May Bell's ("Defendant", "Bell", or "Defendant Bell") motions seeking a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dft. Mot for Modification., ECF No. 91; Dft. Mot. to Correct, ECF No. 95.) Defendant contends that she is entitled to a two-level reduction under Amendment 821 to the Sentencing Guidelines. (*See generally* Dft. Mot for Modification.) The Government opposes. (Gov't Opp., ECF No. 96.)

For the reasons that follow, Defendant's motions are DENIED.

## BACKGROUND

On March 28, 2022, Defendant pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. (Gov't Opp. at 1.) The offense arose from a long-running scheme to defraud clients of an investment advisory business by falsely representing that their funds would be invested, when in fact those funds were misappropriated. (*Id*. at 2.)

At sentencing, the Court adopted the Guidelines calculation set forth in the Presentence Investigation Report. Defendant's total offense level was 30 and her criminal history category was I, yielding an advisory Guidelines range of 97 to 121 months' imprisonment. (*Id*. at 1.) On October 11, 2022, the Court imposed a below-Guidelines sentence of 80 months' imprisonment. (*Id*.)

In December 2023, Defendant filed a motion seeking a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821, which she asserts entitles her to a reduction as a "zero-point offender." (*See generally* Dft. Mot for Modification.) She later filed a second motion seeking to "correct" her sentence by challenging the application of the enhancement for ten or more victims. (*See generally* Dft. Mot. to Correct.)

## LEGAL STANDARD

A district court "may not modify a term of imprisonment once it has been imposed except" in limited circumstances. 18 U.S.C. § 3582(c). As relevant here, § 3582(c)(2) permits a court to reduce a sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that any reduction "is consistent with applicable policy statements." *Id.* § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).

The Supreme Court has explained that § 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the Court must determine whether the "defendant is eligible for a reduction"—that is, whether a retroactive amendment lowers the defendant's applicable Guidelines range. *Id.*; U.S.S.G. § 1B1.10(a)(2)(B). Second, if the defendant is eligible, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether a reduction is warranted. *Dillon*, 560 U.S. at 827.

"If, and only if," the defendant satisfies the first step does the Court proceed to the second. *United States v. Mock*, 612 F.3d 133, 134 (2d Cir. 2010).

## DISCUSSION

### A.  Motion to Modify Defendant's Sentence (ECF No. 91)

Defendant's application fails at the first step of the *Dillon* inquiry. Amendment 821 added U.S.S.G. § 4C1.1, which provides a two-level decrease for certain defendants with zero criminal

history points who also satisfy specified criteria. *See* U.S.S.G. § 4C1.1(a). Defendant is correct that she has zero criminal history points. (Gov't Opp. at 1–2, ECF No. 96.) But eligibility turns not only on criminal history, but also on whether she satisfies the additional criteria set forth in § 4C1.1(a).

One of those criteria is dispositive here: the reduction does not apply if the defendant caused "substantial financial hardship" to a victim. U.S.S.G. § 4C1.1(a)(6). The record reflects that Defendant's offense resulted in substantial financial hardship to multiple victims. The Presentence Report, as summarized by the Government, reflects that Bell participated in a decades-long fraud scheme involving at least sixteen victims, several of whom were elderly or vulnerable and suffered significant financial consequences, including delayed retirement and the loss of their homes. (Gov't Opp. at 2–3, ECF No. 96.) Because Defendant caused substantial financial hardship to victims, she does not qualify for the reduction under § 4C1.1. *See* U.S.S.G. § 4C1.1(a). As a result, Amendment 821 does not lower her applicable Guidelines range, and she is therefore ineligible for relief under § 3582(c)(2). *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

Even if Defendant were eligible, the Court would decline to reduce her sentence. Section 3582(c)(2) requires consideration of the § 3553(a) factors, including the nature and circumstances of the offense and the need for the sentence imposed. 18 U.S.C. §§ 3582(c)(2), 3553(a). Defendant's offense was serious, prolonged, and caused substantial harm to multiple victims. The Court already imposed a sentence well below the applicable Guidelines range. (Gov't Opp. at 2, ECF No. 96.) Nothing in Defendant Bell's submissions alters the Court's conclusion that the sentence remains appropriate.

**B. Motion to Correct Defendant's Sentence (ECF No. 95)**

Defendant's second motion fares no better. As an initial matter, the motion is procedurally improper. To the extent Bell seeks relief under 18 U.S.C. § 3582(c)(2), that provision "does not

authorize a sentencing or resentencing proceeding" and cannot be used to relitigate prior Guidelines determinations. *Dillon v. United States*, 560 U.S. 817, 825–26 (2010). Nor does Defendant identify any retroactive Guidelines amendment that would permit relief under that statute.

In any event, Defendant's challenge to the application of the enhancement for ten or more victims under U.S.S.G. § 2B1.1(b)(2)(A)(i) is both untimely and without merit. (See generally Dft. Mot. to Correct.) The record reflects that the offense conduct involved more than ten victims, regardless of the number ultimately included in the restitution order. (Gov't Opp. at 3, ECF No. 96.) Accordingly, even if the Court were to reach the merits, no basis exists to disturb the sentence imposed, which in light of all the surrounding circumstances, including the 18 U.S.C 3553(a) factors, was reasonable, appropriate, and sufficient, but not greater than necessary.

### CONCLUSION

For the foregoing reasons, Defendant Vania Bell's motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) are DENIED. The Clerk of Court is kindly directed to terminate the motion at ECF Nos. 91, 95, and 101.

Dated:   April 27, 2026
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

4