UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

UNITED STATES OF AMERICA

Plaintiff,

-against-

VANIA MAY BELL,

Defendant.

----------------------------------------------------------------------X

ORDER
19-CR-550 (NSR)

NELSON S. ROMÁN, United States District Judge

The Defendant's Emergency Motion to Compel Ruling on Pending Restitution Motion and to Stay Collection Pending Resolution is DENIED. (*See* Mot., ECF No. 107.) Defendant's motion is premised on the assertion that no final, enforceable restitution order exists and seeks to compel a ruling on a purportedly pending restitution motion. The record demonstrates otherwise. On March 6, 2023, the Court entered a final Order of Restitution (ECF No. 86) imposing restitution in the amount of $8,041,233.17, establishing joint and several liability, setting forth a payment schedule, and prescribing the terms governing enforcement. A restitution order constitutes a final judgment notwithstanding limited circumstances in which it may later be corrected, amended, or adjusted. *See* 18 U.S.C. § 3664(o). The Government may enforce a judgment imposing restitution pursuant to applicable federal law. *See* 18 U.S.C. § 3613(a).

To the extent Defendant relies upon her January 2024 filing (ECF No. 92), that filing was docketed as a Notice of Inquiry for Restitution requesting a hearing regarding the restitution award, victim schedule, and related issues, rather than as a motion seeking to vacate or modify the Court's

restitution order. In any event, Defendant has not identified a procedural or legal basis requiring the Court to reopen, modify, or stay enforcement of the restitution judgment.

Defendant's arguments concerning the restitution calculation, the identity of the victims, or the effect of subsequent civil proceedings, including the alleged Securities America settlement, constitute challenges to the existing restitution judgment and do not establish that the Government's enforcement efforts are unlawful or that a stay is warranted. (*See* Mot. at 4-6.) Defendant has likewise not demonstrated entitlement to the extraordinary relief of compelling a ruling or halting collection efforts authorized by the existing restitution order. Accordingly, the motion is DENIED.

The Clerk of Court is kindly directed to terminate the motion at ECF No. 107.

Dated: July 13, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge