UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | ORDER |
| | : | 19-CR-550 (NSR) |
| -against- | : | |
| VANIA MAY BELL, | : | |
| Defendant. | : | |

NELSON S. ROMÁN, United States District Judge

Before the Court is Defendant Vania May Bell's *pro se* motion to amend or correct the Court's Order of Restitution pursuant to 18 U.S.C. § 3664, renewing the application denied on July 13, 2026. (ECF No. 108 & 109, Former Order & Renewed Mot.) The motion is DENIED.

Section 3664(j)(2) reduces restitution only by amounts "later recovered as compensatory damages for the same loss by the victim." The $9.5 million settlement was paid to the Jamieson plaintiffs in the parallel civil action, and the civil court credited it against the Jamiesons' own damages. (Renewed Mot., Ex. V at 3–4.) The Jamiesons, however, are not among the victims to whom restitution runs because they do not appear on the Schedule of Victims. (Renewed Mot., Ex. II at 6.) Defendant's own exhibits show why. Victims compensated through civil recoveries were removed from the schedule, or their awards reduced, before the order was entered. (Renewed Mot., Ex. III (PSR ¶ 29 & n.1).) No victim on the operative schedule has recovered twice, so there is nothing to offset. Nor was it error to list Securities America last on the schedule. (Renewed Mot. at 6-7.) Where a third party has compensated victims, the Mandatory Victims Restitution Act of 1996 directs that restitution "shall" be paid to that party, subordinate to the victims themselves, 18 U.S.C. § 3664(j)(1), and forbids considering such compensation in setting the amount, *id.* §

3664(f)(1)(B). (*See* ECF No. 86 § 1.B; Renewed Mot., Ex. II, Schedule A n.1.) Defendant's authorities prohibiting double recovery are not to the contrary. They protect victims from recovering the same loss twice, which the schedule already prevents.

Nor has Defendant identified authority to revisit the order. A restitution order is a final judgment, modifiable only through the avenues enumerated in 18 U.S.C. § 3664(o), none of which is available here, *see United States v. Kyles*, 601 F.3d 78, 83–84 (2d Cir. 2010) (explaining that § 3664(k) permits the court to adjust the restitution payment schedule upon notification of a "material change in the defendant's economic circumstances," but requires the Attorney General to "certify to the court" that any victim owed restitution has "been notified of the change in circumstances"), and § 3664(k) permits adjustment of the payment schedule, not reduction of the amount. Defendant's challenges to the Guidelines loss calculation and to counsel's performance must be brought, if at all, under 28 U.S.C. § 2255. Given Defendant's stated intent to file such a motion (Renewed Mot. at 14.), the Court declines to recharacterize this filing as one, *see Castro v. United States*, 540 U.S. 375, 383 (2003), and expresses no view on its merits or timeliness. To the extent Defendant again asserts that a restitution motion has been pending since January 2024, the Court addressed that contention in its July 13, 2026 Order, and any request contained in that filing (ECF No. 92) is in any event resolved by this Order. Defendant has likewise shown no basis to stay lawful collection. *See* 18 U.S.C. § 3613(a).

Accordingly, the motion is DENIED. The Clerk of Court is kindly directed to terminate the motion at ECF No. 109, to mail a copy of this Order to *pro se* Defendant at the address listed on the docket, and to show proof of service on the docket.

Dated: August 5, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge